Please support. My name is Ann Voris and I represent Mr. Abdallah. The issue here today is whether the jury should have been instructed regarding voluntary intoxication in this case. Mr. Abdallah, there was evidence of his intoxication at the time of the crime. His counsel requested that the instructions be given and the instructions were not given because the judge felt that Mr. Abdallah himself disputed or did not personally provide evidence of his intoxication and indicated that the evidence of his intoxication, or I believe that may have been the government's argument, was undermined by his clear statements about what had happened. Counsel, is evidence of intoxication in and of itself enough to warrant the giving of the instruction? I believe that it is. That's my understanding of the law regarding the instruction. It does not say significant evidence. It does not state. It says evidence. If there is evidence in 4.21, if there is evidence of intoxication, then the instruction should be given. One beer enough? In other words, if the only evidence here was that he'd gone down to a cafe and had a beer, would that be enough to give the instruction? I would say perhaps not, but I have a concern, let me explain, is that I don't see that there's a lot more here. He said he has two beers. A few beers. A few beers. A few beers. The lab consultant, criminologist, can't actually calculate his blood alcohol level. He describes the events in detail, and then we have Ms. Alvarez just says, I thought he had been drinking. All of that seems pretty low level to give an intoxication, to be required to give an intoxication instruction. So what authority should we look to that would kind of ratchet this up to require the instruction? Well, I think the other fact which Ms. Alvarez points to is the fact that because of his culture and religion, he's not a drinker, and that she had never before seen him having had alcohol in his system. Right. So does that make him, in other words, we don't have any medical evidence that simply because you don't normally drink that if you have a drink, all of a sudden you become intoxicated more than an average person, do we? No. And that's an unfortunate fact which was raised in the trial. Well, it couldn't really be called a strategy, and there was no evidence regarding the medical effect other than the person who testified from the criminology lab who indicated that it was possible that four hours earlier he was intoxicated. He didn't dismiss that out of hand. And while I know that the evidence is wrong in favor of intoxication, I think that once the instruction was requested, I think that it should have at that point gone to the jury and that it was a denial of due process at that point to not permit that evidence to go to the jury. Counsel, what do we do with the language in cases like people versus car where the California Supreme Court said that merely showing that the defendant consumed some alcohol prior to commission of the crime without showing the effect of the alcohol on him is not sufficient to warrant an instruction on diminished capacity? What do we do with language like that? Well, I believe, and I may be wrong, but my recollection of people versus car was that it had to do with a sua sponte request. So there was some evidence maybe that went along on the lines as this case. But the attorney did not make a request, and then it was brought to the Supreme Court's attention in terms of a sua sponte request. What about the case out of our own circuit, the Claiborne case, where the evidence there was that the defendant was wasted and had been essentially drinking the whole weekend, although, like here, he gave a fairly lucid recollection of the events. And the Ninth Circuit said that didn't give you the floor of evidence necessary to invoke the intoxication instruction. So we would need to, it seems to me, distinguish Claiborne to rule in your favor, wouldn't we? I'm afraid that I am not familiar. I cannot remember the facts of Claiborne. That's fine. But I mean, I guess the real question is, you know, there's, it seems to me that your challenge is there's some kind of underbrush of drinking that doesn't get you an intoxication instruction. And at some point, you kind of ratchet it up enough that you're entitled to it. What is the test we ought to use to know, how do you get from here to here? I think the test is, is there evidence of intoxication. And I think that in this case, there was. It was not provided by Mr. Abdallah. And I think that had to do with who his counsel was, and the questions that were asked, and how the evidence was dealt with. But I think that evidence was provided. The instruction was requested.    Well, there's a five-drink minimum, or that we would have to say if evidence, just what the instruction says. If evidence is provided, and that instruction is requested, then the jury should consider it. Because in the most important thing, and the reason that I think that this is an important case, is that it goes to an element. It goes to the element of intent. And that's where the federal court   federal court comes in, because it addresses the question of whether this is due process, and because the voluntary intoxication negates intent. Counsel, I've now double-checked People v. Carr, and that defendant did request an instruction. So with that correction, how do you respond to the language in People v. Carr? I respond that, what I've just said, Your Honor, that in People v. Carr, I believe that the, it would be required that, I don't want to say that that case was wrongly decided, or that that case was even considered by this court. But under the standard of due process, if voluntary intoxication negates an element of the offense, which it does, which it negates intent, and if there is a requirement of the evidence of intoxication, I don't think that drawing a line that is drawn, I mean, I think that if you consider, I think one deer with immediate evidence that shows that he's a .01 would not bring the case to it. But here there was some evidence that he was over at least the legal limit, which is some evidence of intoxication, and that that would distinguish People v. Carr. Do you want to reserve time for rebuttal? Yes, one minute. Thank you. May it please the Court, my name is Susan Bunting, and I'm representing a respondent at Pelley. In this case, I basically have nothing to add to the brief I have on file here, unless the Court has questions, I'm sorry, but it appears there aren't any questions. Thank you. Thank you very much. Thank you. The case of Abdallah v. Kramer is submitted.
judges: Noonan, McKeown, Rawlinson